**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BENJARDI BATUCAN VIRAY, | ) | |
| Petitioner, | ) | 3:07-cv-00312-LRH-VPC |
| vs. | ) | **ORDER** |
| BILL DONAT, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed January 14, 2008, the Court directed the petition to be filed and served on respondents. On April 14, 2008, respondents filed an answer (Docket #13), along with exhibits consisting of the state court record (Docket #14-17).

On February 22, 2008, petitioner filed an ex parte motion to compel the Public Defender's Office to provide petitioner with his criminal case file. Petitioner states that he needs "complete trial transcripts and other relevant records" contained in the Public Defender's file. Petitioner further states that he has obtained an order from the Eighth Judicial District for the State of Nevada, requiring the Public Defender's Office to provide him with the relevant files. Petitioner's motion for enforcement of a state district court order is not properly before this Court. Rather, the court issuing the order is the proper forum for seeking enforcement. Moreover, since the filing of petitioner's motion, respondents have filed the state court record as exhibits to the answer. (Docket #13-17). To

the extent that petitioner seeks additional portions of the record, he may file a motion in this Court for respondents to produce the same.

Previously, on January 14, 2008, this Court denied petitioner's motion for the appointment of counsel. (Docket #7). On April 10, 2008, petitioner filed a second motion for the appointment of counsel. (Docket #12). Respondents filed an opposition to the motion. (Docket #18).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner's second motion for the appointment of counsel contains no new justification that would persuade this Court to appoint counsel. The petition on file in this action is clearly written, organized, and lengthy. Petitioner claims no inability to read, write, or understand the claims he asserts in his petition. Counsel is not justified in this instance. The motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's ex parte motion to compel the Public Defender's Office to provide petitioner with his criminal case file (Docket #9) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's second motion for the appointment of counsel (Docket #12) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's reply to answer, if any, shall be filed within **thirty (30) days** from the date of entry of this Order.

DATED this 22nd day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2