# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BENJARDI BATUCAN VIRAY,

    Petitioner,

vs.

BILL DONAT, *et al.*,

    Respondents.

3:07-cv-00312-LRH-VPC

ORDER

This action is a *pro se* writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Benjardi Batucan Viray, a Nevada state prisoner. Pending before the Court are petitioner's motion to supplement the petition (Docket #20) and petitioner's motion to compel respondents to answer the proposed supplemental petition (Docket #23).

Petitioner seeks leave to file a supplemental petition, and has submitted with the motion a proposed supplemental petition that is 45-pages in length. (Docket #20). Respondents oppose the motion to file a supplemental petition. (Docket #21). Leave to amend a pleading is allowed once as a matter of course, unless the opposing party has filed a responsive pleading. Fed. R. Civ. P. 15(a). After a responsive pleading has been filed, amendment is allowed only with leave of court. Fed. R. Civ. P. 15(a). Respondents filed an answer (Docket #13) prior to petitioner's motion to supplement his petition.

This court is disinclined to allow petitioner to supplement his petition. The supplemental petition is not submitted on the court's standard form for *pro se* habeas petitions, pursuant to Local

Rules of Special Proceedings 3-1. The supplemental petition also lacks a statement of exhaustion as to each new claim, and it is not verified, in violation of Rule 2(c) of the Rules Governing Section 2254 Cases. Most importantly, the supplemental petition lacks clarity. Petitioner states in the supplemental petition that he is either supplementing claims or adding claims. However, petitioner fails to indicate which claim is new and which is supplementing another specific claim in the original petition. Petitioner asserts that he should be allowed to supplement the petition because he did not previously have transcripts necessary to identify all of his claims. A review of the proposed claims shows that the claims should have been identifiable by virtue of petitioner being present at his own trial, without need to refer to transcripts. The original petition consists of 123 pages of claims and detailed argument. The proposed supplemental petition does not comply with pleading requirements, provides no clarity to the original petition, and would prejudice the respondents by confusing and complicating the claims presently before the Court. As such, petitioner's motion to supplement his petition (Docket #20) is denied.

Petitioner has also filed a motion to compel the Attorney General's Office to answer the issues raised in the supplemental petition. (Docket #23). Because petitioner's motion to supplement is denied, his motion to compel an answer to the proposed supplemental petition is also denied.

**IT IS THEREFORE ORDERED** that petitioner's motion to supplement the petition (Docket #20) is **DENIED.** This action shall proceed on the original petition.

**IT IS FURTHER ORDERED** that petitioner's motion to compel respondents to answer the proposed supplemental petition (Docket #23) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's reply to the answer, if any, shall be filed within **thirty (30) days** from the date of entry of this order.

DATED this 12th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE